UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No. 2:16-cv-01128-APG-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket Nos. 31-32) |
| SEVEN HILLS MASTER COMMUNITY ASSOCIATION, et al., | |
| Defendant(s). | |

Pending before the Court are SFR's motions for an extension of time to serve Gaby Khawam and for leave to serve him by publication. Docket Nos. 31-32. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to extend is **GRANTED** and the motion to serve by publication is **DENIED** without prejudice.

## I.     Motion to Extend Time for Service

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Mr. Khawam by 60 days.

## II.    Motion for Leave to Serve by Publication

SFR also seeks leave to serve Mr. Khawam by publication. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of*

*Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

     The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

     In this case, SFR has attempted to determine the whereabouts of Mr. Khawam in this District through various methods. Docket No. 31-1 at 2-3. Based on SFR's review of Mr. Khawam's social media accounts, it appears that he now resides in Lebanon. *Id.* at 3. This raises several issues not addressed in the pending motion. First, it is not clear that Rule 4(e) applies to this case because it governs service on persons within a judicial district of the United States. *Compare* Fed. R. Civ. P. 4(e) *with* Fed. R. Civ. P. 4(f) (outlining procedures for serving an individual in a foreign country).[1] Second, even assuming Rule 4(e) does apply here, SFR has not explained whether or how it has attempted to locate Mr. Khawam's current address in Lebanon so that service may be effectuated without resorting to publication.

     As such, the motion to serve Mr. Khawam by publication will be denied without prejudice. Any renewed motion shall provide legal authority and analysis of whether service of publication is proper on a person in or believed to be in Lebanon.

//

//

---

[1] Nor has SFR addressed whether service by publication would be proper under Rule 4(f).

### III. Conclusion

Accordingly, the Court **GRANTS** the motion to extend the deadline to effectuate service on Mr. Khawam. The deadline to serve Mr. Khawam is extended by 60 days and SFR shall continue to diligently attempt to locate Mr. Khawam's current address during that period. The Court **DENIES** without prejudice the motion for service by publication.

IT IS SO ORDERED.

DATED: October 18, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge