# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF NEW YORK MELLON,

    Plaintiff

v.

SEVEN HILLS MASTER COMMUNITY ASSOCIATION, et al.,

    Defendants

Case No.: 2:16-cv-01128-APG-NJK

**Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Denying Defendant SFR's Motion for Summary Judgment, and (3) Dismissing as Moot Plaintiff's Alternative Damages Claims**

[ECF Nos. 57, 58]

The parties dispute whether a deed of trust still encumbers property located at 3141 Morning Whisper Drive in Henderson, Nevada following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Seven Hills Master Community Association (Seven Hills). Plaintiff Bank of New York Mellon (BONY) is the beneficiary of record for the deed of trust. BONY seeks a declaration that the deed of trust continues to encumber the property. BONY also asserts alternative damages claims against Seven Hills and Seven Hills' foreclosure agent, defendant Alessi & Koenig, LLC (Alessi). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. SFR counterclaims for a declaration that it acquired the property free and clear of the deed of trust.[1]

BONY and SFR move for summary judgment on their competing declaratory relief claims on a variety of grounds. The parties are familiar with the facts so I do not repeat them here except where necessary. I grant BONY's motion and deny SFR's motion because no

---

[1] SFR also asserted a slander of title claim against BONY, but it stipulated to dismiss that claim. ECF No. 51. SFR also cross-claimed to quiet title against the former homeowner, Gaby Khawam. SFR voluntarily dismissed that claim. ECF No. 49.

genuine dispute remains that BONY tendered the superpriority amount and thereby preserved the deed of trust. As a result, I dismiss as moot BONY's alternative damages claims against Seven Hills and Alessi.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Statute of Limitations

SFR argues that BONY's declaratory relief claim is untimely. BONY responds that its claim is timely and even if it is not, its defense of tender is not subject to a statute of limitations.

BONY also asserts that SFR waived the defense or should be estopped from asserting it, and that equitable tolling should apply.

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished a deed of trust.[2] *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA sale took place on December 12, 2012. ECF No. 58-10. BONY filed its complaint on May 19, 2016. ECF No. 1. Because BONY's complaint was brought within four years of the HOA foreclosure sale, its claim to determine adverse interests in property under § 40.010 is timely. I therefore deny SFR's motion for summary judgment on this basis.

**B. Section 106.240**

SFR argues that the deed of trust has been discharged under Nevada Revised Statutes § 106.240 because more than 10 years have passed since the deed of trust beneficiary accelerated the debt secured by the deed of trust. BONY responds that this is an affirmative defense that SFR failed to plead. On the merits, BONY argues that a debt does not become "wholly due" under § 106.204 until the final maturity of the debt, regardless of whether the lender accelerates the debt. Alternatively, BONY argues that the notice of default did not accelerate the debt because it stated the debt would be come due in 2035 and, even if it did, BONY decelerated the debt less than ten years later. BONY also contends SFR lacks standing to raise this argument

---

[2] Saticoy argues for a limitation period shorter than four years. I have previously rejected similar arguments, and I do so again here. *See Bank of Am., N.A. v. Auburn & Bradford at Providence Homeowners' Ass'n*, No. 2:16-cv-00393-APG-NJK, 2020 WL 247480, at *2 (D. Nev. Jan. 16, 2020).

3

because it is not a party to the deed of trust or the loan.  Finally, BONY contends that I should nevertheless equitably toll the 10-year period because this litigation has prevented BONY from foreclosing in a timely manner and the automatic bankruptcy stay also prevented BONY from foreclosing while the former homeowner's bankruptcy was pending.

SFR replies that § 106.240 is unwaivable because it is a statute of repose, but even so SFR raised statutes of repose as an affirmative defense in its answer.  SFR also argues it has standing because it is not attacking the validity of the note.  Rather, it is relying on a statute that is aimed at clearing title of stale liens.  SFR argues that the deed of trust itself allows for acceleration of full payment of the note, as does Nevada law.  SFR contends the rescission did not have the effect of decelerating the debt because it did not purport to do so by its own language.  Finally, SFR asserts that because § 106.240 is a statute of repose, it is not subject to equitable tolling.

Section 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

The Supreme Court of Nevada has not directly addressed what the statute means by the debt becoming "wholly due."  But that court has suggested that it means when the debt is "due in full," which would include "'the lender exercis[ing] his or her option to declare the entire note

4

due.'" *First Am. Title Ins. Co. v. Coit*, No. 70860, 412 P.3d 1088, 2018 WL 1129810, at *1 n.1 (Nev. 2018) (citing *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991) ("[W]here contract obligations are payable by installments, the limitations statute begins to run only with respect to each installment when due, unless the lender exercises his or her option to declare the entire note due." (emphasis omitted))). That would include not only the ultimate maturity date, but also a sooner date if the lender accelerates the debt and declares the entire debt due. The statute's plain language supports this interpretation. *Local Gov't Employee-Mgmt. Relations Bd. v. Educ. Support Employees Ass'n*, 429 P.3d 658, 661 (Nev. 2018) (directing courts to give effect to a statute's "plain, unambiguous language"). It is also consistent with Nevada law that recognizes a lender's ability to accelerate and decelerate debts. *Clayton*, 813 P.2d at 999; *Cadle Co. II v. Fountain*, No. 49488, 281 P.3d 1158, 2009 WL 1470032 (Nev. 2009). Both acceleration and deceleration require the creditor to take "some affirmative action . . . to make it known to the debtor that [the creditor] has exercised his option to accelerate" or decelerate. *Cadle Co. II*, 2009 WL 1470032, at *1 (quotation omitted); *see also Clayton*, 813 P.2d at 998-99.

The deed of trust gave the lender the contractual right to accelerate the debt. ECF No. 58-1 at 13 (stating that in the event of a default on the loan payments, the lender may "invoke the power of sale, including the right to accelerate full payment of the Note"). On August 18, 2009, the trustee under the deed of trust recorded a notice of default and election to sell. ECF No. 57-1 at 35-36. That notice stated that the deed of trust beneficiary "has declared and does hereby declare all sums secured [by the deed of trust] immediately due and payable and has elected and

5

does hereby elect to cause the trust property to be sold to satisfy" the debt. *Id.* at 35. The beneficiary thus accelerated the debt and declared it "wholly due" as of August 18, 2009.[3]

Less than ten years later, on August 16, 2019, BONY's loan servicer filed a notice of rescission of the notice of default. ECF No. 60-1. That notice stated that BONY "releases and discharges" the notice of default. *Id.* at 3. It also states that BONY:

> does hereby rescind, cancel and withdraw said Declaration of Default and Demand for Sale and Said Notice of Breach and Election to Cause Sale; it being understood however, that this rescission shall not in any manner be construed as waiving or affecting any breach or default past, present or future under said Deed of Trust, or as impairing any right or remedy thereunder, but is and shall be deemed to be, only an election, without prejudice, not to cause a sale to be made pursuant to said Declaration and Notice, and shall nowise jeopardize or impair any right, remedy or privilege secured to the Beneficiary and/or Trustee, under said Deed of Trust, nor modify nor alter in any respect any of the terms, covenants, conditions or obligation thereof, and said Deed of Trust and all obligation secured hereby are reinstated and shall be and remain in force and effect the same as if said Declaration of Default and Notice of Breach had not been made and given.

*Id.* at 3-4. By reinstating the deed of trust, the rescission decelerated the debt and reinstated the original loan maturity date of October 1, 2035. *Valin v. Nationstar Mortg., LLC*, No. 2:19-cv-01785-GMN-DJA, 2019 WL 5697171, at *3-4 & n.2 (D. Nev. Nov. 4, 2019) (holding that rescissions with similar language were decelerations that re-started the clock under § 106.240). Consequently, the debt has not been extinguished by operation of § 106.240, so I deny SFR's motion for summary judgment on this basis.

////

////

---

[3] SFR argues the beneficiary must have declared the debt accelerated before the notice of default because the notice states that the beneficiary "has declared" the debt to be due in full. However, SFR presents no evidence that the beneficiary took any other affirmative action to state its intent to accelerate the debt other than recording the notice of default or that any such action took place on a prior date.

6

**C. Tender and Two HOA Liens of Equal Priority**

SFR contends that there were two HOAs with delinquent assessment liens for this property and, under the applicable law, those liens have equal priority. SFR thus argues that BONY had to tender the superpriority amount to each HOA in order to preserve the deed of trust from being extinguished by the foreclosure sale.[4] BONY argues that there is no dispute it tendered the superpriority amount to Seven Hills, which is the only HOA lien that was foreclosed. BONY argues that where there are two HOA liens on the same property, a junior lienholder need satisfy only the superpriority amount on the HOA lien that is actually foreclosed through a sale.

The property at issue is part of two HOAs, Seven Hills and Naples. In 2011, both HOAs recorded notices of delinquent assessment liens and notices of default. ECF No. 57-1 at 40-47, 75. Seven Hills conducted a foreclosure sale on the property in 2012. *Id.* at 72. It is undisputed that prior to the sale, BONY tendered the superpriority amount to Seven Hills. ECF Nos. 58-7; 58-9. In 2014, Naples recorded a notice of sale on its 2011 assessment lien. *Id.* at 75. It is unclear from the record why Naples did not proceed with the sale, but there is no evidence that Naples conducted a foreclosure sale. There also is no evidence that BONY tendered the superpriority amount on Naples' lien.

At the time of Seven Hills' foreclosure sale in December 2012, § 116.3116(3) provided that unless the HOAs' declarations provide otherwise, HOA liens for assessments have equal priority. The Supreme Court of Nevada interpreted this language to mean when that when one

---

[4] Alternatively, SFR argues that the tender letter contained impermissible conditions. I have previously rejected this argument, and I do so again here. *See, e.g.*, *Bank of New York Mellon v. Copper Sands Homeowners Ass'n, Inc.*, No. 2:16-cv-01720-APG-NJK, 2020 WL 247482, at *3 (D. Nev. Jan. 16, 2020); *Carrington Mortg. Servs., LLC v. Saticoy Bay, LLC Series 6709 Brick House*, No. 2:15-cv-01852-APG-PAL, 2019 WL 2176912, at *2 (D. Nev. May 20, 2019).

HOA forecloses on its assessment lien, any other HOA assessment liens on the same property "(1) are extinguished, and (2) must be paid from the sale proceeds in full or on a pro-rata basis if the sale proceeds are insufficient to fully pay all equal priority liens." *S. Highlands Comm. Ass'n v. San Florentine Ave. Tr.*, 365 P.3d 503, 504 (Nev. 2016) (en banc).[5]

SFR interprets this case to mean that when one HOA forecloses on its superpriority lien, any other HOA's superpriority lien on the same property is also foreclosed. But that is not what the Supreme Court of Nevada held. Rather, the court stated that when one HOA forecloses, the other's lien is extinguished as if it were a junior lien, with the caveat that unlike junior lienholders, the second HOA shares in the sale proceeds pro rata if there is not enough to satisfy both liens. Thus, by satisfying the superpriority portion of Seven Hills' lien, BONY preserved its deed of trust for the foreclosure sale conducted by Seven Hills, and it did not need to also tender payment to Naples. *See Alessi & Koenig, LLC v. Taylor*, No. A-14-701842-C, 2019 WL 2549643, at *2 (Nev. Dist. Ct. Apr. 02, 2019) ("There is sufficient evidence that Bank of America tendered the super priority amount of Seville's lien prior to the Seville foreclosure sale. Therefore, the deed of trust survived the foreclosure sale, and pursuant to *Southern Highlands*, the sale extinguished Aliante's equal priority lien. Since Aliante did not foreclose or join Seville's foreclosure, it is irrelevant whether there was tender on Aliante's lien.").

Accordingly, I deny SFR's motion and I grant BONY's motion for summary judgment. BONY's tender preserved the deed of trust and it remains an encumbrance on the property. *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc) (A "first

---

[5] At the time of the sale at issue in *Southern Highlands*, the relevant statutory section was § 116.3116(4).

deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust.").

## II. CONCLUSION

I THEREFORE ORDER that defendant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 57) is DENIED**.

I FURTHER ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 58) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of New York Mellon and against Defendant SFR Investments Pool 1, LLC as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on December 12, 2012 did not extinguish the deed of trust, and the property located at 3141 Morning Whisper Drive in Henderson, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of New York Mellon's alternative damages claims against defendants Seven Hills Master Community Association and Alessi & Koenig, LLC are DISMISSED as moot. The clerk of court is instructed to close this case.

DATED this 10th day of February, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE